# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE WEAVER,<br><br>                    Plaintiff,<br><br>         v.<br><br>MAIL ROOM, et al.,<br><br>                    Defendants.<br>_____ / | CASE NO. 1:06-CV-01684-OWW-LJO-P<br><br>ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED UNDER SECTION 1983 FOR VIOLATION OF THE EIGHTH AMENDMENT AND FOR FRIVOLOUSNESS<br><br>(Doc. 1) |

Plaintiff Willie Weaver ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on November 22, 2006, but has not paid the $350.00 filing fee.[1]

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life. Porter v. Nussle, 435 U.S. 516, 532 (2002).

---

[1] Absent a showing of imminent danger of serious physical injury, plaintiff is ineligible to proceed in forma pauperis in this action because he has had at least three previous actions dismissed for failure to state a claim, frivolousness, or maliciousness. 28 U.S.C. § 1915(g). The Court takes judicial notice of case numbers 1:06-CV-00671-OWW-SMS-P Weaver v. California Correctional Institution Confinement SHU (dismissed July 17, 2006, for failure to state a claim and frivolousness); 1:06-CV-00775-OWW-LJO-P Weaver v. California Correctional Institution - Third Watch Sergeant (dismissed July 17, 2006, for failure to state a claim and frivolousness); and 1:06-CV-00863-OWW-SMS-P Weaver v. California Correctional Institution Law Library (dismissed August 1, 2006, for failure to state a claim and frivolousness).

1

1  Prisoners must complete the prison's administrative process, regardless of the relief sought by the
2  prisoner and regardless of the relief offered by the process, as long as the administrative process can
3  provide some sort of relief on the complaint stated.  Booth v. Churner, 532 U.S. 731, 741 (2001).
4  "Proper exhaustion[, which] demands compliance with an agency's deadlines and other critical
5  procedural rules . . . ." is required, Ngo v. Woodford, 126 S.Ct. 2378, 2386 (2006), and must occur
6  prior to filing suit, McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

7  Plaintiff has filed one-hundred forty-five actions in this district, the vast majority of which
8  were filed in 2006, and on November 17, 2006, in case number 1:06-cv-01343-AWI-WMW P,
9  Magistrate Judge William Wunderlich issued an order to show cause why plaintiff should not be
10 declared a vexatious litigant and subjected to a pre-filing review order.  Recently, the court has
11 dismissed numerous cases based on plaintiff's concession in his complaint that exhaustion of his
12 claim had not yet occurred.  See e.g., 1:06-cv-01066-AWI-SMS P; 1:06-cv-01102-AWI-SMS P;
13 1:06-cv-01198-AWI-SMS P; 1:06-cv-01204-OWW-SMS P 1:06-cv-01206-AWI-SMS P.  Now, in
14 this action, plaintiff alleges that he filed an inmate appeal and the process is complete.

15 Plaintiff alleges that during the month of October 2006, defendants violated the Cruel and
16 Unusual Punishments Clause of the Eighth Amendment when they acted with deliberate indifference
17 by failing to provide plaintiff with indigent state envelopes.  Plaintiff dated his complaint November
18 11, 2006, and it was received and filed on November 22, 2006.  The court finds that it is an
19 impossibility for plaintiff to have properly utilized the prison's administrative grievance process,
20 which involves one informal level and three formal levels of appeal, Cal. Code Regs., tit. 15 §
21 3084.5 (2006), and exhausted his appeal when the events upon which he is attempting to impose
22 liability occurred over a period of one month, up to and including eleven days before he drafted his
23 complaint.

24 Regardless, plaintiff's allegations do not state a claim for relief under section 1983.  Under
25 no circumstance would the failure to provide plaintiff with envelopes violate the Eighth Amendment.
26 See Hudson v. McMillian, 503 U.S. 1, 9 (1992) ("[E]xtreme deprivations are required to make out
27 a conditions-of-confinement claim.") (internal quotation marks and citations omitted); Rhodes v.
28 Chapman, 452 U.S. 337, 347 (1981) (to constitute cruel and unusual punishment in violation of the

Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ."). Plaintiff's claim to the contrary is frivolous.

This action is HEREBY ORDERED DISMISSED, with prejudice, for failure to state a claim upon which relief may be granted under section 1983 for violation of the Eighth Amendment and for frivolousness.

IT IS SO ORDERED.

**Dated:   November 28, 2006**             **/s/ Oliver W. Wanger**
emm0d6                                                       UNITED STATES DISTRICT JUDGE

3